PAUL GRAFF, Appellant, v. E. B. ADAMS, *et al.*

Good Faith Buyer of Note: BURDEN OF PROOF. The burden is on the maker of a note to show that the holder thereof is not a *bona fide* purchaser.

PRESUMPTIONS. The presumption that a note was not negotiated until after maturity, arising from the fact that it was in the hands of an agent of the payee after that time, is overcome by the direct testimony of the holder that he purchased the same before maturity, corroborated by the testimony of the treasurer of the payee.

Order of Proof: DISCRETION. Where, in an action on a purchase-price note by the holder, claiming to be a *bona fide* purchaser, for value, before maturity, defendant denies such claim, and defends on the ground of a breach of warranty in the sale, the court may admit evidence on the question of breach of warranty without first submitting to the jury whether plaintiff was a *bona fide* purchaser.

**Use of Copy:** OBJECTIONS. A written agreement may be proven by
1 copy, unless objection is made on the ground that the copy is not
the best evidence, or that the proof of the loss of the original has
not been made.

*Appeal from Hardin District Court.* — HON. BEN. P.
BIRDSALL, Judge.

SATURDAY, DECEMBER 12, 1896.

ACTION at law to recover an amount alleged to be
due on a promissory note. There was a trial by jury,
and a verdict and judgment for the defendants. The
plaintiff appeals.—*Reversed.*

*Huff & Ward* for appellant.

*Albrook & Lundy* for appellees.

ROBINSON, J.—·The note in suit was given on the
tenth day of August, 1892, for the sum of three hun-
dred dollars, and was payable on the first day of Jan-
uary, 1894, with interest thereon at the rate of ten
per cent. per annum. It was one of three notes, for
three hundred dollars each, given by the defendants,
E. B. Adams and J. R. Chance, to C. Aultman & Co.
for an engine, separator, stacker, and tank. Of the
other notes, one was payable on the first day of Janu-
ary, 1893, and one on the first day of Jaunary, 1895.
The making·of the notes is admitted by the defend-
ants, but they allege that the property for which they
were given was sold to them with a special written
warranty, which has been broken; that by reason of
defects in the property, which were covered by the
warranty, it is worthless to the defendants; that, when
the defects were discovered, the defendants offered to
return the property to C. Aultman & Co.; that it was
then agreed that the defendants should retain the
property and make such payments thereon as they

could, and that C. Aultman & Co. would repair the machine for the next season, and make it work; that the defendants, in pursuance of that agreement, paid to the company one hundred dollars, but that it has wholly failed to perform its agreement to make the machine work, and that it is absolutely without value, and is held by the defendants as the property of the company. The defendants further allege that the company did not transfer the note in suit until after it was due.

I. The plaintiff complains of the admission in evidence of a copy of the warranty on which the defendants rely. The answer avers that the original had never been in the possession of the defendants. On the trial they showed that the original had never been delivered to them, but, without proving its loss, and without showing that they were unable to produce it, offered a copy in evidence. The plaintiff objected to it on the ground that the defendants, in their answer and counter-claim, did not rely upon it, and because the plaintiff was an innocent purchaser of the note for value before maturity. It was not objected that the copy was not the best evidence, nor that the proper foundation for its introduction had not been laid. The defense was based on the written warranty, and it was competent, in the absence of proper objection, to prove that by a copy. Whether the plaintiff was an innocent purchaser of the note was a controverted question, to be determined on all the evidence which was relevant to it; and the ground of objection which attempted to raise it was not well taken.

II. Complaint is also made of rulings of the court which permitted the defendants to show the alleged breach of warranty and the negotiations and agreements of the parties in regard to it. We do not find any error in such rulings. The breach of warranty

was wholly immaterial, if the plaintiff was an innocent purchaser of the note, before due, for a valuable consideration; otherwise, it was not, and the court could not determine, until the evidence was offered, whether it would be sufficient to require the question in regard to the character of the plaintiff's alleged purchase to be submitted to the jury. It was within the power of the court to receive evidence on both branches of the defense as it was offered by the defendants.

III. The appellant complains of the third paragraph of the charge to the jury. It was erroneous, in that the plaintiff was named, when C. Aultman & Co. was intended, in referring to the alleged warranty and the offer of the defendants to return the machine. The error was clerical, and, in view of other portions of the charge, could not have misled the jury; and, in fact, was of a nature to benefit the plaintiff. However, it should be corrected, in case of another trial.

IV. Did the evidence warrant the verdict? The burden was on the defendants to establish the alleged warranty, and the breach thereof, and their right to return the machine to the company; and we are of the opinion that the evidence with respect to that issue was sufficient to require that it be submitted to the jury. The burden was also on the defendants to show that the plaintiff was not an innocent purchaser of the note, before it was due, for a valuable consideration. *Trustees v. Hill*, 12 Iowa, 476. We think they have failed to make the required proof. What they show in regard to that issue is as follows: C. E. Albrook, testified that a representative of C. Aultman & Co. c..lled at his office in the latter part of the year 1893, or the first part of the year 1894, twice, and had in his possession notes. Albrook thinks the first call was in September or October, 1893, and that the second was in January, 1894; that, when the

representative called the last time, he had the three notes given to the company by the defendants, two of which were then due; that the witness had been collecting on account of the company for several years, and that the representative called to leave the three notes for collection; that the witness refused to receive them, because he had been consulted by the defendants with reference to their defense to them, but that other notes were left with him. The witness did not know the name of the agent, but had seen him several times. There was nothing to show the authority of the agent, excepting the fact that he had notes which had been made to C. Aultman & Co., some of which he left with the witness. It does not appear that he made any representations in regard to the ownership of the notes, and his statements with respect to his own authority as agent would not have been competent. Albrook does not state whether the blank indorsement by the company which now appears on the note was there when he thinks he saw it; and the only evidence of ownership which his testimony discloses, is that a person who in some manner represented the company, had the note in suit in his possession after it was due, and desired to leave it for collection. It is also shown that the company commenced an action against the defendants, which was pending in the Hardin district court at the February, 1894, term, the petition in which purported to seek a recovery on the three notes the defendants had made to the company, and the foreclosure of a chattel mortgage given to secure their payment. That action was dismissed on the seventh day of March, 1894, without prejudice. It is explained by H. L. Huff and George W. Ward, the attorneys for the company who brought the action, as follows: Huff states that, a short time before the sixth day of February, 1894, when the action was commenced, he received the first of the

three notes given by the defendants, with the chattel mortgage, from a person who he supposed was the agent of the company, but that the note in controversy in this action was not received until about the second day of March following, and that it was then received from the plaintiff. Ward was absent at the time the note and mortgage were left with Huff, and on his return he was directed by Huff to prepare the papers necessary to recover the amount of the three notes, and to foreclose the mortgage, but that only one note, the first of the three, was then in his possession, and that he prepared copies of the others from that one. He wrote for the other two notes, but, not receiving them, the action was dismissed. This testimony is not contradicted by any one, and must be taken as true, although the petition in the action dismissed was verified by Ward, and he stated in the verification that the papers on which the action was brought were in his possession. That was not correct, yet it is explained in the manner stated. There is no other evidence which tends to show that the note in suit was in the possession of or owned by the company after maturity. If it be true that one of its agents had possession of the note after due, that fact, unexplained, would authorize a presumption of continued ownership; but the note was secured by a mortgage, which also secured at least one other note owned by the company, and the agent may also have acted for the plaintiff in offering the note in suit to Albrook for collection, if that was done. To rebut the evidence for the defendants, and to prove ownership of the note in suit, the plaintiff testified that he purchased it of the company in January, 1893, and that he paid it therefor, at the time of the purchase, three hundred and six dollars; that he had purchased similar paper from the company for twenty years, and that

he made the purchase in the usual course of business; that he had no knowledge of any defense to the note, or warranty of property, but made the purchase in good faith and in the usual way. T. D. Cunningham, cashier of a bank of which the plaintiff is president, and Melville B. Cox, treasurer of C. Aultman & Co. in January, 1893, fully corroborate the plaintiff, stating in positive and direct terms that he purchased the note of the company in January, 1893. Cox states that the consideration paid by the plaintiff for the note was about three hundred and six dollars. This testimony was sufficient to overcome any presumption of ownership which might arise from the possession of the note by an agent of the company in January, 1894, under the circumstances stated.

We conclude that the verdict was not sustained by the evidence, and the judgment of the district court is therefore REVERSED.